IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE MOSLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-646-GPM |
| | ) |
| LISA J.W. HOLLINGSWORTH, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner, an inmate in the United States Penitentiary located in Marion, Illinois (USP-Marion), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the 235 month sentence imposed on him by the United States District Court for the Western District of Missouri. *See United States v. Mosley*, Case No. 10-1853 (W.D. Mo.); *United States v. Mosley*, 16 Fed. Appx. 560 (8th Cir. 2001).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

### THE PETITION

Petitioner was found guilty, after a jury trial, of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  *United States v. Brown*, 16 Fed. Appx. at 561; Petition for a Writ of Habeas Corpus, pg. 4.  Petitioner was sentenced to 235 months imprisonment as an armed career criminal under 18 U.S.C. § 924(e)(1).  *Id.*; *United States v. Mosley*, Case No. 10-1853 (W.D. Mo.).  Petitioner appealed to the Eighth Circuit Court of Appeals, challenging the trial court's denial of his motion to suppress, the trial court's denial of his motion *in limine*, and the trial court's denial of his motion for judgment of acquittal.  *United States v. Mosley*, 16 Fed. Appx. at 561.  The Eighth Circuit affirmed the trial court's rulings.  *Id.* at 561-62.

Petitioner states that he sought, but was denied, relief pursuant to 28 U.S.C. § 2255.  Petitioner states that he also has been denied permission to file a second or successive § 2255 motion.

An armed career criminal under 18 U.S.C. § 924(e)(1) faces a prison term "of at least fifteen years."  18 U.S.C. § 924(e)(1).  To qualify as an armed career criminal under 18 U.S.C. § 924(e)(1), a person "must have three previous convictions … for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  *Id.*  In reliance on *Begay v. United States*, 553 S. Ct 137 (2008), Petitioner argues that one of his three prior convictions does not qualify as a crime of violence.  Specifically, Petitioner asserts that a prior burglary conviction should not be counted as violent felony because "his intention was … to enter into a building he knew would be vacant … [and] clearly to avoid confrontation or potential confrontation."  Petitioner believes his enhanced ACC sentence is unjustified and that he should be re-sentenced accordingly.

**DISCUSSION**

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging a conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective." 28 U.S.C. § 2255(e).

In *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998), the Seventh Circuit Court of Appeals considered the meaning of "inadequacy" for purposes of § 2255. The Court stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport*, 147 F.3d at 611 (emphasis added). The Seventh Circuit later clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Petitioner claims that he is "actually innocent," not of the federal crime for which he pleaded guilty (being a felon in possession of a firearm), but of being an armed career offender pursuant to 18 U.S.C. § 924(e)(1). Petitioner argues that he is not an armed career offender because of various events that occurred after he was sentenced – specifically, the Supreme Court's interpretation of § 924(e)(1) in *Begay*. Petitioner's claim, in other words, is that in retrospect the trial court

misapplied § 924(e)(1), resulting in a lengthier sentence being imposed on him than he should have received. Unfortunately for Petitioner, his claims are not appropriate for collateral review under § 2241. *Montenegro v. United States*, 248 F.3d 585, 596 (7th Cir. 2001), *citing Scott v. United States*, 997 F.2d 340 (7th Cir. 1993); *see also*, *In re Davenport*, 147 F.3d at 609-610.[1] Petitioner was not *convicted* of being an armed career criminal. It is not a crime to be an armed career criminal. Rather, that status is a sentencing enhancement that acts to increase the sentence of a convicted defendant who meets the statutory definition. It is intended to ensure increased sentences for recidivist offenders who committed crimes of violence or drug offenses. *See United States v. Labonte*, 520 U.S. 751, 774 (1997). Being innocent of being an armed career criminal is innocence only in a "technical sense," which is insufficient to show that § 2255 is "inadequate or ineffective" to allow a § 2241 petition by a federal prisoner. *In re Davenport*, 147 F.3d 605 at 609-10. Rather, such a claim is appropriate for a direct appeal or a § 2255 motion to vacate or modify sentence.

Lack of success in a direct appeal or § 2255 motion or even the fact that, in retrospect, an error may have been made in Petitioner's sentence does not show § 2255 to be "inadequate or ineffective" as the law defines those terms. *Taylor v. Gilkey*, 314 F.3d 832, 835-36 (7th Cir. 2001). To gain a review on the merits of his § 2241 petition, Petitioner's legal theory cannot merely attack the length of his sentence, but must demonstrate that he is actually innocent of the *crime* to which he pleaded guilty. *See Uthank v. Jett*, 549 F.3d 534, 535-36 (7th Cir. 2008); *Kramer v. Olson*, 347 F.3d at 217-19; *Cooper v. United States*, 199 F.3d 898, 899-901 (7th Cir. 1999); *In re Davenport*, 147 F.3d at 609-10. Because Petitioner has not established that § 2255 is "inadequate or ineffective,"

---

[1]The Seventh Circuit overruled part III of *Montenegro* in *Ashley v. United States*, 266 F.32D 671, 674 (7th Cir. 2001). The Court's citation to *Montenegro* does not fall within the overruled section of the case.

he is not entitled to pursue his claims in a § 2241 action.

### DISPOSITION

Because Petitioner is not entitled to pursue his claims in a § 2241 action, this action is summarily **DISMISSED** with prejudice. All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

DATED:  10/19/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
